UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. THACKER, | No.  2:20-cv-00255-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| AT&T CORPORATION and DIVERSIFIED CONSULTANTS, INC., | (ECF Nos. 26, 27) |
| Defendants. | |

Presently before the court are defense counsel's motion to withdraw as attorney of record for defendant Diversified Consultants, Inc. ("DCI") (ECF No. 26), currently noticed for hearing on November 18, 2020, and plaintiff's motion to compel discovery (ECF No. 27), currently noticed for hearing on November 4, 2020.[1]  For the following reasons, the court vacates both hearings; grants defense counsel leave to withdraw; and denies plaintiff's motion to compel, without prejudice to re-filing.

**Plaintiff's Motion to Compel Is Deficient and Improperly Noticed**

Plaintiff filed his motion to compel on October 19, 2020, noticing a hearing date of November 4, 2020, 16 days ahead.  (ECF No. 27.)  However, Local Rule 251 requires scheduling

---

[1] Because plaintiff is appearing pro se, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

a hearing date on discovery motions "at least twenty-one (21) days from the date of filing and service" of the motion, except in certain circumstances not present here.  E.D. Cal. L.R. 251(a), (e).  Therefore, the November 4, 2020 hearing is vacated and plaintiff's motion to compel is denied without prejudice to its re-filing with the proper amount of notice.  <u>See, e.g.</u>, <u>United States v. Molen</u>, No. 2:10-CV-02591 MCE KJN, 2012 WL 5940383, at *1 (E.D. Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice).

In addition to being improperly noticed, plaintiff's motion suffers certain substantive defects which should be addressed in any re-filed motion to compel.  The motion indicates that plaintiff is dissatisfied with defendant AT&T's responses to his "First Discovery Request" and seeks to compel defendant "to comply with FRCP Rule 26 et seq."  (ECF No. 27 at 5-6.)  This is not enough to place defendant on notice of what specific rule(s) of discovery form the basis of plaintiff's motion.  Federal Rule of Civil Procedure 37(a)(3)-(4) lists the various specific motions available to compel discovery.  Although a motion to compel need not, at this notice stage, enumerate every discovery request to be covered therein, it must at least identify which of these rules the movant intends to invoke in support of his motion.

**<u>Defense Counsel's Motion to Withdraw Is Granted</u>**

On October 14, 2020, defense counsel Debbie P. Kirkpatrick, who is currently representing both defendants AT&T and DCI in this action, filed a motion on behalf of herself and her law firm to withdraw as attorney of record for defendant DCI.  (ECF No. 26.)  That motion was noticed for a November 18, 2020 hearing before the undersigned.  (<u>Id.</u>)  Pursuant to Local Rule 230(g), that motion is taken under submission and is now granted for the following reasons.

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court.  "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  <u>Beard v. Shuttermart of Cal., Inc.</u>,

1   No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing Nat'l

2   Career Coll., Inc. v. Spellings, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw.

3   July 11, 2007)); see also CE Res., Inc. v. Magellan Grp., LLC, No. 2:08-cv-02999-MCE-KJM,

4   2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling

5   must involve a balancing of the equities").

6       In addition to these factors, withdrawal of counsel is governed by the Local Rules of this

7   court where, as here, withdrawal of counsel would leave the client unrepresented.  In this regard,

8   Local Rule 182(d) provides:

9           Unless otherwise provided herein, an attorney who has appeared may
            not withdraw leaving the client in propria persona without leave of
10          court upon noticed motion and notice to the client and all other
            parties who have appeared. The attorney shall provide an affidavit
11          stating the current or last known address or addresses of the client
            and the efforts made to notify the client of the motion to withdraw.
12

13  E.D. Cal. L.R. 182(d).  Further, "[w]ithdrawal as attorney is governed by the Rules of

14  Professional Conduct of the State Bar of California, and the attorney shall conform to the

15  requirements of those Rules." Id.

16      Rule 1.16 of the California Rules of Professional Conduct provides several grounds upon

17  which an attorney may seek to withdraw, including when the client's conduct "renders it

18  unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Prof.

19  Conduct 1.16(b)(4).  However, representation shall not be terminated until the attorney "has taken

20  reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as

21  giving the client sufficient notice to permit the client to retain other counsel."  Cal. R. Prof.

22  Conduct 1.16(d).

23      Attorney Kirkpatrick invokes Rule 1.16(b)(4) in support of her motion, asserting that "[i]t

24  is unreasonably difficult to effectively represent Defendant DCI because the company is no

25  longer operating as an ongoing business. Therefore, [attorney Kirkpatrick] has no access to the

26  company's records, or to employees with knowledge of the facts and information pertinent to this

27  matter, or to management personnel for purposes of conferring about case handling."  (ECF

28  No. 26 at 4.)  In April 2020, shortly after this action commenced, DCI notified the court that it

1   had filed a Chapter 11 bankruptcy petition, which operated as an automatic stay of external

2   collection efforts.  (ECF No. 10.)  Since plaintiff's filing of his First Amended Complaint (ECF

3   No. 12), DCI has not participated in the present lawsuit.  In June 2020, DCI's bankruptcy case

4   was converted from Chapter 11 to Chapter 7.  (ECF No. 26 at 3.)  On September 9, 2020, plaintiff

5   obtained from the bankruptcy court an order granting relief from the automatic stay.  (ECF No. 25

6   at 2-3.)  But the Chapter 7 Trustee has moved for reconsideration of that decision, arguing that

7   plaintiffs holding debt collection claims against DCI should file proofs of claim in the bankruptcy

8   case, rather than seeking relief from stay for individual lawsuits.  (Id. at 3-4.)

9        As for the notice requirements of Rule 1.16(d), attorney Kirkpatrick asserts that "[g]iven

10  the circumstances of DCI's bankruptcy," she "has complied with these requirements in the only

11  way reasonably practicable by notifying Defendant DCI's bankruptcy attorney and the Chapter 7

12  Trustee's attorney of the intent to bring this motion, serving each with the motion, and confirming

13  the lack of any objection to the requested relief."  (Id. at 5.)

14       First, as to the reason for withdrawal, the court finds that attorney Kirkpatrick has

15  described sufficient grounds for withdrawal consistent with the California Rules of Professional

16  Conduct.  (ECF Nos. 26, 26.1.)  With respect to the remaining factors, the undersigned concludes

17  that the unique circumstances of DCI's Chapter 7 bankruptcy weigh in favor of granting counsel

18  leave to withdraw.  In bankruptcy proceedings under Chapter 7—as opposed to Chapter 11—no

19  discharge of debts may be granted to a debtor that is not an individual.  11 U.S.C. § 727(a)(1);

20  N.L.R.B. v. Better Bldg. Supply Corp., 837 F.2d 377, 378 (9th Cir. 1988) ("Partnerships and

21  corporations may not discharge their debts in a liquidation proceeding under Chapter 7 of the

22  Code.").  "The filing of a chapter 7 [bankruptcy petition] creates a defunct corporation."  In re

23  Tri-R Builders, Inc., 86 B.R. 138, 141 (Bankr. N.D. Ind. 1986).  See Matter of Liberty Tr. Co.,

24  130 B.R. 467, 471 (W.D. Tex. 1991) ("The consequence of denying discharge to corporations and

25  partnerships in a Chapter 7 proceeding is to render such entities 'defunct.'"); see also Thacker v.

26  Fed. Commc'ns Comm'n, No. AP 03-04274-PBS, 2005 WL 8161960, at *4 (W.D. Wash.

27  June 24, 2005) (collecting cases), aff'd sub nom. In re Magnacom Wireless, LLC, 503 F.3d 984

28  (9th Cir. 2007).

4

Because defendant DCI is a corporation undergoing Chapter 7 bankruptcy, it is now effectively a defunct entity. That is, "the corporation ceases to operate or own any assets," though it might technically continue to exist by virtue of its certificate of incorporation from the state. In re Tri-R Builders, 86 B.R. at 141. With that in mind, the undersigned concludes that plaintiff will suffer no more prejudice in prosecuting his case against DCI without counsel than he would if DCI remained represented. In neither circumstance will DCI be able to satisfy any judgment that might be rendered against it in this action. The same analysis applies with respect to DCI's co-defendant, AT&T, which remains represented by attorney Kirkpatrick.

Typically, there is a high risk of prejudice to corporate defendants whose counsel seek to withdraw, leaving the corporation unrepresented, because a "corporation may appear in federal court only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). An unrepresented corporation is thus subject to the entry of default and default judgment. See Emp. Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007). But that risk of prejudice does not exist here because, even if plaintiff were to eventually obtain default judgment against DCI, DCI will be no worse off given that, due to its Chapter 7 liquidation, it will have no remaining assets with which to satisfy such default judgment. Thus, granting attorney Kirkpatrick leave to withdraw will not harm the administration of justice. Fourth and finally, granting withdrawal will not cause any greater delay to this case in which DCI already has not participated in the last 8 months, due to its bankruptcy proceedings.

Therefore, attorney Kirkpatrick is granted leave to withdraw as counsel for defendant DCI. DCI is reminded, however, that as mentioned above "[i]t is a longstanding rule that '[c]orporations . . . must appear in court through an attorney.'" D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (quoting Licht v. Am. W. Airlines (In re Am. W. Airlines), 40 F.3d 1058, 1059 (9th Cir. 1994)). See E.D. Cal. L.R. 183(a) (prescribing in pertinent part: "a corporation or other entity may appear only by an attorney."). Defendant DCI therefore shall obtain counsel within 20 days of the date of this order or provide the court with its intention regarding retaining counsel. Defendant DCI is advised that failure to obtain counsel may result in the imposition of sanctions including but not limited to entry of default judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. The November 4, 2020 hearing on plaintiff's motion to compel and the November 18, 2020 hearing on defense counsel's motion to withdraw are VACATED;

2. Plaintiff's motion to compel (ECF No. 27) is DENIED without prejudice to re-filing;

3. Defense counsel's motion to withdraw (ECF No. 26) is GRANTED;

4. The Clerk of the Court is ordered to terminate Debbie P. Kirkpatrick, Esq., of Sessions, Fishman, Nathan & Israel L.L.P. as counsel for defendant DCI;

5. Attorney Kirkpatrick is ordered to serve a copy of this order on Diversified Consultants, Inc., and if known, provide the court with the last known address or other contact information of Diversified Consultants, Inc. forthwith. Counsel shall provide the court with a declaration indicating proof of service, or if counsel is unable to execute service, an explanation of the circumstances of attempted service; and

6. Diversified Consultants, Inc. shall, within 20 days of the date of this order, retain counsel, or provide the court with a statement regarding its intention to obtain counsel.

Dated:  October 23, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19,thac.0255

6