UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID C. THACKER,

Plaintiff,

v.

AT&T CORPORATION, et al.,

Defendants.

No. 2:20-cv-00255-KJM-CKD PS

ORDER AND FINDINGS & RECOMMENDATIONS

(ECF No. 42)

Presently before the court is plaintiff's motion for leave to file a second amended complaint.[1] (ECF No. 42.) The court took the motion under submission, finding it suitable for resolution without oral argument. (ECF No. 44.) See Local Rule 230(g). After considering plaintiff's motion and supporting papers, the opposition, and plaintiff's reply (ECF Nos. 42, 43, 45), the court recommends that leave to amend be GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiff filed this action in California small claims court in December 2019 against AT&T Corporation and Diversified Consultants, Inc. ("DCI"). (ECF No. 1.1.) Defendants, then both represented by the same counsel, removed the action to this court. (ECF No. 1.) In July 2020, the court permitted plaintiff to file the currently operative First Amended Complaint

[1] Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

(“FAC”). (ECF Nos. 12, 16, 20.)

**A. Current Operative Complaint**

According to the FAC, this case stems from an August 8, 2018 telemarketing call plaintiff received, during which he agreed to accept a “free” AT&T tablet computer. (ECF No. 12 at 3.) Upon receiving a written agreement containing “misinformation,” plaintiff cancelled all service with AT&T; and as soon as the tablet arrived, he returned it the same day. (Id.) Plaintiff claims that despite him not initiating or using any AT&T service or product, AT&T and DCI—a partnering debt collection agency—continued to demand payment. (Id. at 3-4.) Plaintiff consistently denied owing any debt, and DCI eventually reported plaintiff's supposed default to national credit reporting agencies, causing his FICO credit score to fall. (Id. at 4.) Because of his lowered credit rating, plaintiff was unable to obtain a mortgage with a “reasonable” interest rate and instead had to prematurely withdraw funds from an IRA to help his daughter buy a house. (Id.)

The FAC lists three causes of action, while citing numerous statutes and regulations within each of the three numerical headings. (ECF No. 12 at 4-6.) As best the court can tell, plaintiff is suing for (1) “false and misleading promises” made to him “for the purpose of fraudulently inducing [him] to buy products and services,” in violation of various California state laws; (2) violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the Federal Trade Commission's Telemarketing Sales Rule, 16 C.F.R. Part 310; and (3) violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. (Id.)

**B. Procedural History**

The FAC identifies only AT&T Corporation and DCI as defendants.[2] (ECF No. 12 at 2.) The only AT&T answers to the original complaint and the FAC have been filed through counsel

---

[2] The litigation is stayed as to DCI, pursuant to 11 U.S.C. § 362, while it is in Chapter 7 bankruptcy proceedings. (ECF No. 37.) And DCI—which is currently without counsel in this case—has not participated in the instant motion to amend.

for "AT&T Mobility, LLC," accompanied by the statement that AT&T Mobility, LLC is being "erroneously sued as AT&T Corporation." (ECF Nos. 9 at 1, 21 at 1.) AT&T has maintained that position throughout the litigation, with counsel for "AT&T Mobility, LLC" signing all successive filings—many of which also repeat the erroneous suit statement. (See, e.g., ECF Nos. 23, 31, 43.)

When the court granted plaintiff leave to file the FAC, the court also had before it the parties' June 24, 2020 Joint Status Report regarding initial case scheduling. (ECF No. 15.) Therein, plaintiff contemplated the possible joinder of "Does one through 1000 as are discovered and identified" and stated that any amended complaint would "be filed within 90 days." (Id. at 2.) The court did not issue a formal scheduling order but adopted the parties' proposed scheduling deadlines—without including any deadline for further amendment of the pleadings. (ECF No. 20 at 2-3.) In November 2020, pursuant to stipulation, the court extended the fact discovery deadline to April 14, 2021, and the dispositive motions deadline to July 2, 2021. (ECF No. 38.)

On January 6, 2021, plaintiff filed the instant motion to amend, noticed for hearing on February 10, 2021. (ECF No. 42.) Upon receipt of AT&T's opposition and plaintiff's reply (ECF Nos. 43, 45), the court took the motion under submission without oral argument.[3] (ECF No. 44.)

**C. Proposed Amended Complaint**

Plaintiff's proposed amended complaint seeks to "clarify" the claims against the existing defendants and to join in this action three additional defendants[4]: AT&T Communications, LLC; AT&T Mobility, LLC; and "AT&T Phone," which plaintiff indicates was formerly known as "U-verse Voice." (ECF No. 42 at 13-15.) Although the proposed complaint contains several stylistic wording changes (discussed below), plaintiff does not propose adding any new legal

[3] The court held resolution of the motion pending the outcome of the parties' February 23, 2021 settlement conference before another magistrate judge. The case did not settle. (ECF No. 46.)

[4] The proposed amended complaint also lists "Does 1-100" in the case caption. (ECF No. 42 at 14.)

claims or making any substantive changes to the existing claims. AT&T opposes the motion to amend on the grounds that the proposed amendment is futile and unnecessary, and that plaintiff unduly delayed seeking further amendment. (ECF No. 43.)

**DISCUSSION**

**A. Legal Standard**

After a party has amended as a matter of course, further amendment is allowed only with consent of the opposing parties or leave of the court. Fed. R. Civ. P. 15(a). A court should freely grant leave to amend a pleading when justice so requires. Id. "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (cleaned up). Absent prejudice, or a strong showing of any of the remaining factors, a presumption in favor of granting leave to amend exists under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Still, granting leave to amend is a matter of discretion, and the court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Id.

**Analysis**

In light of plaintiff's prior opportunity to amend, the timing of the instant motion, and the futility and lack of justification for the proposed amendment, the undersigned recommends denying leave to amend—except with respect to the joinder of AT&T Mobility, LLC as an additional defendant.

***i. Joinder of AT&T Mobility, LLC***

In response to plaintiff's motion, AT&T only opposes the joinder of two of the three proposed additional defendants: AT&T Communications, LLC, and "AT&T Phone." (ECF No. 43 at 2.) As with all of defendant's prior filings, AT&T's opposition is filed by AT&T Mobility, LLC—the third defendant plaintiff now seeks to join in this action. See id. at 1 ("Defendant AT&T Mobility, LLC, erroneously named as AT&T Corporation, . . . opposes Plaintiff's Motion for Leave to Amend . . . ."). AT&T does not explain the relationship between AT&T Corporation (the existing, supposedly erroneously sued defendant) and AT&T Mobility,

LLC; nor does it assert any opposition to AT&T Mobility, LLC being formally added as a named defendant. Plaintiff explains that he seeks to add AT&T Mobility, LLC based on AT&T's representation that it has been erroneously sued as AT&T Corporation. (ECF No. 42 at 4.)

Although it is unclear why plaintiff waited so long to propose the addition of AT&T Mobility, the court concludes that adding this entity now will not prejudice defendant because AT&T Mobility has in fact already voluntarily appeared in this action and responded to the operative complaint. Thus, joinder of AT&T Mobility would not bring with it any delay for service or further discovery.

***ii. Amendment of Pleadings and Joinder of Other Proposed Defendants***

The same cannot be said of plaintiff's proposed amended pleadings overall and joinder of the other two entity defendants, which AT&T does oppose.

a. Joinder of AT&T Phone / U-Verse

Beginning with "AT&T Phone," plaintiff argues—without explanation—that this entity was formerly known as "ATT U VERSE" (or as "U-verse Voice"), and that joinder is appropriate because that entity is mentioned on a "damaging TransUnion Credit Report." (ECF No. 42 at 6, 14.) Plaintiff references and attaches a 2019 TransUnion credit report that, indeed, identifies "ATT U VERSE" as the original creditor of a $70 delinquent debt. (Id. at 11, Ex. 2.) AT&T responds that "AT&T Phone" "is not a known entity among AT&T Corporation-affiliated companies." (ECF No. 43 at 2 (stating that such entity "appears to be a company invented by Plaintiff").)

Based on the sworn declaration accompanying AT&T's opposition,[5] the court finds that it would be futile to join a nonexistent entity as a defendant in this action. (ECF No. 43.1, Stein Decl. ¶ 3 ("'AT&T Phone' is not a known legal entity. There is no company owned by AT&T Corporation or subsidiary or affiliated company known as 'AT&T Phone.'")). Even construing

[5] AT&T attaches a declaration by Andrew L. Stein, an "AVP and Senior Legal Counsel" of AT&T Services, Inc., based on his review of AT&T Corporation's records. (ECF No. 43.1.) It would be helpful to the court in the future if defendant would give a brief explanation of the role of each AT&T entity being referenced.

plaintiff's motion as seeking to add "AT&T U-Verse"[6] as a defendant, however, it is clear from the record that plaintiff unduly delayed seeking to add such defendant. See Johnson v. Hewlett-Packard Co., 809 F. Supp. 2d 1114, 1120 (N.D. Cal. 2011) ("A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it 'knew or should have known' that amendment was called for.") (quoting AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006)). Given that the TransUnion credit report was generated in 2019, plaintiff had knowledge of the facts he claims necessitate amendment well before filing his FAC in July 2020—and indeed even before filing his original small claims court complaint at the very end of 2019. Plaintiff gives no reason for only now seeking to add "AT&T Phone" or AT&T U-Verse.

Lastly, plaintiff's proposed second amended complaint adds no new factual allegations as to how this entity (AT&T Phone/U-Verse) was involved in the events giving rise to his claims. The proposed amended complaint simply adds a paragraph in the Parties section identifying all the proposed defendant AT&T entities by name, lumping them together under the collective "AT&T" title, and then keeping the existing factual allegations virtually unchanged from the current FAC. (ECF No. 42 at 15.)

b. Joinder of AT&T Communications, LLC

Turning to the second opposed joinder, the same dearth of factual allegations undercuts plaintiff's bid to add AT&T Communications, LLC to this action. Plaintiff seeks the addition of AT&T Communications based on his understanding that it is "the parent of AT&T U-Verse, AT&T Mobility LLC, and AT&T fixed line telephone," all of which he argues were involved in the "fraudulent telemarketing scheme." (ECF No. 45 at 2.) Plaintiff bases this argument on the summary results of an internet search for "AT&T Communications, LLC," which he attaches to his reply. (Id. at 7, Ex. 1 (stating that this "corporate division . . . was created in 2017 to house all of AT&T's Telecommunications and Technology Businesses, which include AT&T Mobility,

---

[6] AT&T does not volunteer whether AT&T U-Verse is a suable entity, but it appears to be an internet service provider. See Strike 3 Holdings, LLC v. Doe, No. 21-CV-00294-SI, 2021 WL 493395, at *1 (N.D. Cal. Feb. 10, 2021) (plaintiff seeking leave to subpoena "defendant's internet service provider, AT&T U-Verse").

DirecTV, U-Verse," and others).)

Unhelpfully, defendant does nothing to explain the broader corporate structure of AT&T affiliates allegedly implicated in this case. AT&T simply argues that AT&T Communications, LLC "had no involvement whatsoever in the events at issue in Plaintiff's complaint" (ECF No. 43 at 4) because AT&T Communications provides "legacy long distance services" that "were being provided by AT&T prior to its 2005 merger with SBC" (ECF No. 43.1, Stein Decl. ¶ 2). As plaintiff's claims arise over tablet computer services allegedly initiated in 2018, this would tend to cast doubt on the need to add AT&T Communications to the action. But given the uncertainty of AT&T's overall corporate structure, plaintiff's desire to add what he believes to be a parent company is understandable.

Nevertheless, as with AT&T Phone/U-Verse, plaintiff does not explain why he waited until now to seek to add AT&T Communications, LLC as a defendant. The discovery period for this case had been open for some seven months before plaintiff brought this motion, and even without discovery plaintiff could have at any point relied on the same publicly available information he now presents to support a motion to join AT&T Communications. This motion to amend comes far beyond even plaintiff's own original estimation that he would file any amended complaint within 90 days of the June 24, 2020 joint status report. (See ECF No. 15 at 2.) The court thus finds that plaintiff unduly delayed with respect to joining this entity as well. Although undue delay alone is not enough to justify denial of leave to amend, Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999), it weighs against permitting amendment.

And in this case, granting leave to amend by joining AT&T Communications would unduly prejudice the existing defendants. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (prejudice to the opposing party carries the greatest weight). After seven months of discovery, plaintiff noticed this motion for hearing two months before the current close of fact-discovery. Joining AT&T Communications, LLC would result in significant delay necessitated by service of process and the extension of discovery and dispositive motion deadlines.

Finally, the court finds that it would be futile to proceed with the proposed amended

complaint against AT&T Communications because it fails to state any cognizable claim against this entity. As with AT&T Phone/U-Verse, the proposed amended complaint does not identify what specific actions AT&T Communications engaged in that violated the various statutes cited; rather, it lumps AT&T Communications together with all the other entities supposedly involved in reporting plaintiff's disputed debt for collection.[7] (ECF No. 42 at 2, ¶ 2.)

c. Amended Pleadings

With respect to the proposed amended pleading itself, the court also recommends denying leave to proceed on this proposed second amended complaint against the *existing* defendants, to the extent plaintiff seeks to do so. As mentioned at the outset, the only differences between the current FAC and the proposed second amended complaint are stylistic wording changes and additions. Most of the changes are scattered additions of state-of-mind allegations, for instance that AT&T "libelously and recklessly" conspired with DCI, and that DCI "recklessly, maliciously, and falsely" reported plaintiff's debt to credit reporting agencies (ECF No. 42 at 17, ¶¶ 14, 17)—whereas the current FAC simply states the actions taken, without these modifiers (ECF No. 12 at 3-4). Plaintiff does not argue that these additions are required to cure any legal defects in the current pleadings, and the court sees no legal benefit to their inclusion.

Nor does the court see any legal benefit to the only two additional factual allegations plaintiff proposes: (A) that "Defendants never advised Plaintiff that the fraudulently contrived alleged past-due account was going to be placed into collection status" (ECF No. 42 at 17, ¶ 18); and (B) that AT&T "recklessly and libelously told DCI that Plaintiff owed money to AT&T," knowing this was false (id. at 19, ¶ 3). Whatever minor clarification these allegations add is outweighed by their lack of demonstrated nexus to plaintiff's specific causes of action and their late timing, which would require defendants to file yet another responsive pleading.

In sum, the factors discussed above weigh against granting plaintiff leave to amend his

[7] Rather, it appears that, even seven months into discovery, plaintiff remains unclear as to exactly what AT&T entity should be held responsible for the actions underlying his suit. Although the court recognizes the difficulty of litigating, pro se, against a corporate entity like AT&T, it is plaintiff's burden to obtain this information through the discovery process. Plaintiff has not provided through the instant motion any newly discovered information showing that this action should proceed against the additional proposed AT&T defendants (other than AT&T Mobility).

complaint generally or leave to join AT&T Phone / U-Verse and AT&T Communications, LLC as defendants; but weigh in favor of granting plaintiff leave to join AT&T Mobility, LLC as a third named defendant. Plaintiff's proposed second amended complaint need not be filed in order to bring AT&T Mobility into this action, as it has already appeared and has responded to the operative complaint—and the proposed second amended complaint would not substantively clarify the claims against it.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. After resolution of the below findings and recommendations on the instant motion to amend, no further amendment of the pleadings is permitted without satisfying the good cause standard of Federal Rule of Civil Procedure 16.

**RECOMMENDATIONS**

In addition, for the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 42) be GRANTED IN PART and DENIED IN PART, as follows:
    a. Leave to file the proposed amended complaint as a Second Amended Complaint should be DENIED;
    b. Leave to join AT&T Phone / U-Verse and AT&T Communications, LLC as additional defendants in this action should be DENIED; and
    c. Leave to join AT&T Mobility, LLC as an additional defendant in this action should be GRANTED; and
2. Following the District Judge's ruling on these findings and recommendations, the case should be referred again to the assigned Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 9, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.thac.0255