UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID C. THACKER, | No. 2:20-cv-00255-KJM-CKD PS |
|---|---|
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| AT&T CORPORATION, et al., | (ECF No. 51) |
| Defendants. | |

On April 29, 2021, plaintiff filed a joint stipulation to dismiss this case, with prejudice, against two of the three named defendants: AT&T Corporation and AT&T Mobility, LLC.[1] (ECF No. 51.) This stipulation of dismissal was filed in compliance with the court's previous order, following an April 8, 2021 notice of settlement between these parties. (ECF Nos. 49-50.) The stipulation of dismissal is signed by plaintiff and counsel for the AT&T defendants, and it specifies that the "matter is dismissed with prejudice as to [the AT&T defendants] only," with each party to bear its own costs and fees. (ECF No. 51.)

The stipulation does not cite any Federal Rule of Civil Procedure, but the parties likely intended the stipulation to operate as a voluntary dismissal without a court order pursuant to Rule 41(a)(1)(A)(ii). The problem (which the court did not contemplate when issuing its prior

---

[1] Plaintiff is representing himself in this action. Pretrial matters are referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

order setting a deadline for the filing of dispositional documents) is that a stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii) must be "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The instant stipulation is not signed by the third defendant in this action, Diversified Consultants, Inc. ("DCI").

DCI, originally represented by the same counsel as the AT&T defendants, appeared in this action and filed an answer early in the litigation. (ECF No. 8.) Soon after, DCI entered bankruptcy proceedings, causing this case to be automatically stayed against it; later the court granted counsel leave to withdraw as DCI's attorney in this case. (ECF Nos. 10, 28.) Counsel's motion to withdraw advised that DCI is no longer operating, and that DCI's bankruptcy proceedings had been converted to Chapter 7 liquidation proceedings. (ECF Nos. 26, 28 at 3-4.) This case has therefore been proceeding with DCI very much in the background, both because of the automatic bankruptcy stay and because a corporation cannot participate in federal litigation without an attorney. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in federal court only through licensed counsel.").

None of this changes the fact that DCI has appeared (and filed an answer) in this litigation, however. That appearance forecloses the possibility of voluntarily dismissing the AT&T defendants without either DCI's consent or a court order. See Fed. R. Civ. P. 41(a)(1)(A) (voluntary dismissal by plaintiff without a court order), 41(a)(2) (voluntary dismissal by court order). The text of Rule 41(a)(1)(A)(ii) is clear that a stipulation of dismissal must be "signed by all parties who have appeared." The Ninth Circuit has held that an unqualified oral stipulation in open court also satisfies this subsection. Carter v. Beverly Hills Sav. & Loan Ass'n, 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472–73 (9th Cir. 1986). But the undersigned is unaware of any case waiving the requirement that the stipulation—whether oral or written—must be made by <u>all</u> parties who have appeared. The requirement to obtain all parties' consent to voluntarily dismiss (without a court order) is intended to ensure that a voluntary dismissal of a party at later stages of the litigation does not cause plain legal prejudice to the party to be dismissed <u>or to the remaining defendant(s)</u>. See Connell v. Lima Corp., No. 1:16-CV-00456-CWD, 2018 WL 9988659, at *6 (D. Idaho Nov. 16, 2018); see generally Stevedoring

Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).

In short, the instant stipulation of dismissal, as filed, has no legal effect because there is no indication that DCI consents to the dismissal of the action against the AT&T defendants. This leaves plaintiff with two options to dismiss the AT&T defendants: (1) obtain DCI's consent, or (2) obtain court approval. Plaintiff is free to pursue the first option if he wishes. Given DCI's present circumstances, however, the undersigned believes that such consent may be hard to come by. Accordingly, the second option may be the only effective one.

Obtaining court approval to dismiss a case—or individual defendants—without all parties' consent normally requires a motion for dismissal under Rule 41(a)(2). See Carter v. Beverly Hills Sav. & Loan Ass'n, 884 F.2d 1186, 1191 (9th Cir. 1989) ("[T]he court may, under certain circumstances, order dismissal of an action 'at the plaintiff's instance.'" (quoting former language of Rule 41(a)(2))). See Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

The undersigned finds the present circumstances support construing the instant stipulation of dismissal as such a motion for dismissal under Rule 41(a)(2). The combination of plaintiff's and the AT&T defendants' joint notice of settlement of the claims against AT&T (ECF No. 49) and joint stipulation of dismissal (ECF No. 51) make it clear that plaintiff—and indeed all three parties—desire to end this litigation against AT&T. They have simply gone about it in slightly the wrong way, given the procedural wrinkle of DCI's presence in the case. Accordingly, the undersigned recommends construing the joint stipulation of dismissal as a Rule 41(a)(2) motion for a court order dismissing the action against the AT&T defendants—and recommends granting that motion, absent timely objection by one of the parties.

A district court has broad discretion to grant a motion for voluntary dismissal under Rule 41(a)(2). Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982). The court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, plaintiff and the AT&T defendants jointly seek to dismiss the action as to the AT&T defendants. (See ECF No. 51.) Granting the construed motion for voluntary dismissal therefore, presumably, would not prejudice the AT&T defendants. And the undersigned cannot see how dismissing the AT&T defendants would prejudice DCI. It appears that DCI will remain in the same present position, regardless of AT&T's presence or absence in this case. That is, it will still be a defunct company in the process of liquidating its assets through bankruptcy, with the present action stayed against it for the remainder of those proceedings. Nevertheless, the undersigned will allow the parties 30 days to file objections to these findings and recommendations. Within that time, DCI may file—through counsel—objections advising the court what, if any, "prejudice to some legal interest, some legal claim, some legal argument" it believes it will suffer if the AT&T defendants are dismissed from this action.[2] See Smith, 263 F.3d at 976 (citation omitted). Absent such objection, the undersigned cannot identify any prejudice that will result due to the dismissal and therefore recommends granting the motion to voluntarily dismiss. The undersigned further recommends dismissing the action against the AT&T defendants <u>with prejudice</u>, with plaintiff and the AT&T defendants to bear their own costs and fees—as requested in the joint stipulation (ECF No. 51 at 2).[3]

Within the 30-day objection window, plaintiff (or one of the AT&T defendants) may also re-file a joint stipulation of dismissal signed by <u>all</u> parties, including DCI's authorized representative. A stipulation of dismissal that fully complies with Rule 41(a)(1(A)(ii) will be effective automatically without judicial approval.

////

////

---

[2] Filings in this case, including these findings and recommendations, are being served by mail on DCI (as an unrepresented party) at its address on file. Presently, that mail is being sent in care of DCI's bankruptcy attorney, Richard R. Thames.

[3] Although Rule 41(a)(2) dismissals are normally without prejudice, the court has discretion to order dismissal "on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), and the rule expressly contemplates that the dismissal may be with prejudice if the court so specifies. See id. ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

**RECOMMENDATIONS**

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. The joint stipulation of dismissal by plaintiff and defendants AT&T Corporation and AT&T Mobility, LLC (ECF No. 51) be construed as a motion for voluntary dismissal by court order, under Rule 41(a)(2);
2. The motion for voluntary dismissal be GRANTED;
3. All claims against AT&T Corporation and AT&T Mobility, LLC be DISMISSED with prejudice, with plaintiff and these defendants to bear their own fees and costs; and
4. The action be referred again to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 4, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.thac.0255

5