1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID C. THACKER,                    No.  2:20–cv–0255–KJM–CKD PS

12                 Plaintiff,              ORDER

13         v.

14    AT&T CORPORATION, et al.,

15                 Defendants.

16

17         This case has now settled between the main parties: plaintiff and defendants AT&T

18    Corporation and AT&T Mobility LLC.[1]  (ECF No. 49.)  However, there still remains at least one

19    active claim against a third defendant, Diversified Consultants, Inc. ("DCI").  (See ECF No. 12

20    (First Amended Complaint) at 5.)  The already-extended deadline for dispositive motions in this

21    case was July 2, 2021 (ECF No. 38 at 2), and no dispositive motions have been filed.  The court

22    therefore issues this order to require plaintiff to notify the court whether and how he plans to

23    proceed against DCI, which will soon be the last remaining defendant in this action.

24         Plaintiff is reminded that his claims against DCI in this lawsuit are still stayed pursuant to

25    11 U.S.C. § 362, due to DCI's ongoing Chapter 7 bankruptcy proceeding.  See In re: Diversified

26

27    _____
      [1] The AT&T defendants have not been formally dismissed yet, as the undersigned's May 5, 2021
28    findings and recommendations to order their voluntary dismissal under Rule 41(a)(2) are still
      pending with the Chief District Judge.  (ECF No. 53.)

                                              1

Consultants, Inc., No. 3:20-bk-01311-CJJ (Bankr. M.D. Fl.), ECF No. 106 at 2 (ordering that the § 362 automatic stay applies to plaintiff's claims against DCI in this lawsuit, while noting that plaintiff's Proof of Claim No. 50 in the Bankruptcy Case would be treated as timely filed). Accordingly, plaintiff will not be able to proceed with his claims against DCI until the Bankruptcy Case concludes. See 11 U.S.C. § 362(c)(2) (duration of automatic stay).

Plaintiff is further reminded that because defendant DCI is a corporation undergoing Chapter 7 bankruptcy, it is effectively a defunct entity and likely will not be able to satisfy any judgment that might be rendered in this action—which would necessarily occur after all of DCI's assets are liquidated via the Chapter 7 process (prompting the automatic stay to lift).[2] The court further notes that, once the automatic stay lifts, plaintiff would likely have to resort to a motion for default judgment under Rule 55(b)(2) because DCI will almost certainly still be unrepresented by counsel and therefore unable to defend itself in this lawsuit. See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations . . . must appear in court through an attorney.") (cleaned up).

---

[2] As the court stated in its October 2020 order permitting counsel for DCI to withdraw:

> In bankruptcy proceedings under Chapter 7—as opposed to Chapter 11—no discharge of debts may be granted to a debtor that is not an individual. 11 U.S.C. § 727(a)(1); N.L.R.B. v. Better Bldg. Supply Corp., 837 F.2d 377, 378 (9th Cir. 1988) ("Partnerships and corporations may not discharge their debts in a liquidation proceeding under Chapter 7 of the Code."). "The filing of a chapter 7 [bankruptcy petition] creates a defunct corporation." In re Tri-R Builders, Inc., 86 B.R. 138, 141 (Bankr. N.D. Ind. 1986). See Matter of Liberty Tr. Co., 130 B.R. 467, 471 (W.D. Tex. 1991) ("The consequence of denying discharge to corporations and partnerships in a Chapter 7 proceeding is to render such entities 'defunct.'"); see also Thacker v. Fed. Commc'ns Comm'n, No. AP 03-04274-PBS, 2005 WL 8161960, at *4 (W.D. Wash. June 24, 2005) (collecting cases), aff'd sub nom. In re Magnacom Wireless, LLC, 503 F.3d 984 (9th Cir. 2007).
>
> Because defendant DCI is a corporation undergoing Chapter 7 bankruptcy, it is now effectively a defunct entity. That is, "the corporation ceases to operate or own any assets," though it might technically continue to exist by virtue of its certificate of incorporation from the state. In re Tri-R Builders, 86 B.R. at 141.

(ECF No. 28 at 4-5.)

Given all of these circumstances, it appears that plaintiff's best chance to recover anything from DCI is through his claim in the Bankruptcy Case, not through this lawsuit. The court therefore encourages plaintiff to consider moving to voluntarily dismiss his present claims in this suit against DCI, under Rule 41(a)(2).[3] On such a motion—which need not be noticed for hearing—the undersigned would be inclined to recommend that the Chief District Judge order the dismissal without prejudice. Assuming the Chief District Judge adopts the undersigned's recommendations, that would render all claims against all defendants dismissed and bring this litigation to a close.

Still, the choice is entirely up to plaintiff. The court simply requires plaintiff to advise the court of his intentions with respect to DCI. Accordingly, IT IS HEREBY ORDERED that:

1. **Within 14 days** of the entry of this order, plaintiff shall file either (a) a motion to voluntarily dismiss his claims against DCI under Rule 41(a)(2), or (b) a status report advising the court how he intends to proceed against DCI; and

2. Failure to timely comply with this order may result in the imposition of sanctions, including a potential recommendation that the claims against DCI be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: July 8, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

AW, thac.255

---

[3] Plaintiff cannot simply file a unilateral notice of voluntary dismissal under Rule 41(a)(1) because much earlier in the litigation (while it still had counsel) DCI appeared and answered the complaint. See Fed. R. Civ. P. 41(a)(1)(A)(i).