UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. THACKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AT&T CORPORATION, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-00255-KJM-CKD PS<br><br>FINDINGS & RECOMMENDATIONS<br><br>(ECF No. 55) |

　　　　Plaintiff David Thacker has settled his claims against the primary defendants, AT&T Corporation and AT&T Mobility LLC (ECF No. 49), and in response to the undersigned's July 9, 2021 order (ECF No. 54), plaintiff now moves under Rule 41(a)(2) to voluntarily dismiss all claims against the third defendant, Diversified Consultants, Inc. ("DCI") (ECF No. 55).[1]  The undersigned recommends granting the motion and closing this case, once all defendants are formally dismissed.

　　　　On May 5, 2021, the undersigned issued findings and recommendations to construe the post-settlement joint stipulation of dismissal filed by plaintiff and the AT&T defendants as a Rule 41(a)(2) motion for voluntary dismissal—and to grant that motion.  (ECF Nos. 51, 53.)  Doing so seemed to be the only way to dismiss the AT&T defendants from this case because

---

[1] Plaintiff is representing himself in this action.  Pretrial matters are referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  defendant DCI initially appeared in the action and filed an answer (ECF No. 8) but then entered
2  Chapter 7 bankruptcy, lost counsel (ECF Nos. 10, 28), and therefore did not—and likely could
3  not—consent to the stipulated dismissal between the AT&T defendants and plaintiff.  See Fed. R.
4  Civ. P. 41(a)(1)(A) (authorizing voluntary dismissal without a court order only via (i) plaintiff's
5  notice of dismissal "before the opposing party serves . . . an answer, or (ii) stipulation of dismissal
6  "signed by all parties who have appeared"); see also Rowland v. California Men's Colony, 506
7  U.S. 194, 202 (1993) ("[A] corporation may appear in federal court only through licensed
8  counsel.").  Those findings and recommendations are still pending with the assigned district
9  judge.
10         In the meantime, on July 9, 2021, with the passage of the dispositive motions deadline
11 (ECF No. 38 at 2) and no further action in the case, the undersigned issued an order for plaintiff
12 to notify the court whether and how he planned to proceed with his claims against DCI.  (ECF
13 No. 54.)  The undersigned reminded plaintiff that DCI's ongoing Chapter 7 bankruptcy
14 proceeding meant that (a) his present claims against DCI were subject to the 11 U.S.C. § 362
15 automatic stay and (b) DCI was already effectively a defunct entity that likely would be unable to
16 satisfy any judgment that might be rendered in this action after the conclusion of the bankruptcy
17 case.  (Id. at 1-2.)  The undersigned ordered plaintiff to file either a motion to voluntarily dismiss
18 his claims against DCI under Rule 41(a)(2), or a status report advising how he intended to
19 proceed against DCI.  (Id. at 3.)
20         Plaintiff responded on July 22, 2021 by filing a motion to voluntarily dismiss his claims
21 against DCI under Rule 41(a)(2).  (ECF No. 55.)  Plaintiff indicates that he wishes to have those
22 claims dismissed without prejudice (id.), which the undersigned expressed openness to in the
23 prior order.
24         The same reasons that required construing the AT&T defendants' stipulation of dismissal
25 as a Rule 41(a)(2) motion for court-ordered dismissal also required plaintiff's present
26 Rule 41(a)(2) motion in order to effectuate plaintiff's apparent desire to end this litigation against
27 DCI as well.  Again, filing a unilateral notice of voluntary dismissal under Rule 41(a)(1) was not
28 an option because DCI initially appeared (through former counsel) in this action and answered the

complaint. See Fed. R. Civ. P. 41(a)(1)(A)(i). And it appeared highly unlikely, if not impossible, for DCI to sign a stipulation of dismissal under Rule 41(a)(1)(A)(ii), given its present circumstances.

Obtaining court approval to dismiss a case—or individual defendants—without all parties' consent normally requires a motion for dismissal under Rule 41(a)(2). See Carter v. Beverly Hills Sav. & Loan Ass'n, 884 F.2d 1186, 1191 (9th Cir. 1989) ("[T]he court may, under certain circumstances, order dismissal of an action 'at the plaintiff's instance.'" (quoting former language of Rule 41(a)(2))). See Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

A district court has broad discretion to grant a motion for voluntary dismissal under Rule 41(a)(2). Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982). The court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

The present circumstances support granting plaintiff's motion to dismiss DCI under Rule 41(a)(2). The undersigned can conceive of no prejudice to DCI that will result from the present claims against it being dismissed. It seems that DCI will remain a nonoperational and effectively defunct company liquidating all assets through the Chapter 7 bankruptcy process. See 11 U.S.C. § 727(a)(1) (no discharge of debts for Chapter 7 debtor that is not an individual); N.L.R.B. v. Better Bldg. Supply Corp., 837 F.2d 377, 378 (9th Cir. 1988) ("Partnerships and corporations may not discharge their debts in a liquidation proceeding under Chapter 7 of the Code."). DCI has not participated in this action since losing counsel in October 2020 (ECF Nos. 26, 28), and it has supplied no replacement counsel.[2] This suggests, and it stands to reason,

////

---

[2] Filings in this case, including these findings and recommendations, are being served by mail on DCI (as an unrepresented party) at its address on file. Presently, that mail is being sent in care of DCI's bankruptcy attorney, Richard R. Thames.

that the presence or absence of plaintiff's claims do not impact DCI in its current state.

Nor would dismissing DCI from the action prejudice the AT&T defendants, who will likely be dismissed from the action before—or alongside—DCI, upon the district judge's adoption of the undersigned's previous findings and recommendations. (ECF No. 53.)

Accordingly, the undersigned recommends granting the motion to voluntarily dismiss DCI, along with the AT&T defendants whose court-ordered dismissals were previously recommended. The undersigned further recommends dismissing the action against DCI without prejudice, as requested by plaintiff (ECF No. 55) and as is the default for Rule 41(a)(2) motions. See Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to voluntarily dismiss defendant Diversified Consultants, Inc. (ECF No. 55) be GRANTED;
2. All claims against Diversified Consultants, Inc. be DISMISSED without prejudice under Fed. R. Civ. P. 41(a)(2); and
3. Upon adoption of the undersigned's previous findings and recommendations to dismiss defendants AT&T Corporation and AT&T Mobility, LLC, from the action as well (ECF No. 53), the Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

/////

/////

/////

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 29, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.thac.0255